SAMUEL, Judge.
The plaintiff placed one of its' cigarette vending machines in a newly opened bar owned by the defendants and loaned to the *12 latter the sum of $350 with the understanding that the defendants’ commissions from the machine were to he applied to the payment of the loan. The oral agreement between the plaintiff and the defendants made no mention of how the loan should be paid in the event of a failure of the commissions to pay the same in full. The defendants went out of business within a period of about three months for the reason that the venture was unsuccessful. The plaintiff instituted this suit for the sum of $147.10 which was the balance allegedly due to it after deducting the proceeds from the machine and obtained judgment in that amount. From this judgment the defendants have appealed.
The defendants seek to avoid liability on two grounds:
First, that the consideration for the loan was solely the obtaining by the plaintiff of an exclusive location for its vending machine, that said loan was to be repaid solely from the proceeds of that machine, and in the event of the defendants’ failure in business the contract would terminate between the parties without further liability on their part, and
Second, that in the absence of a definite agreement as to whether or not the loan should be repaid other than from the proceeds of the machine, the contract is void for lack of mutual understanding.
The president and vice president of the plaintiff corporation and the two defendants were the only witnesses who testified in the case.
The plaintiff’s testimony is to the effect that the loan was to be paid in any event and regardless of whether or not the defendants went out of business, the understanding as to the application of the proceeds from the machine to the payment of the loan being obviously for the plaintiff’s protection. A careful examination of the record and all of the testimony fails to reveal any direct contradiction of this position. The defendants have offered no evidence to the effect that the understanding was that the loan was to be repaid solely from the proceeds of the cigarette vending machine. Indeed, the record indicates that the defendants themselves were of the opinion that they still owed the balance after the business was closed. For the defendants themselves testified that when it became necessary for them to close the business they sold the same to a man named Sears whom they introduced to an official of the plaintiff and that Sears orally assumed their obligation. This was denied by plaintiff witnesses, who said they did not know'Sears, and the defense of the assumption of the debt has not been urged in this court. Sears did not testify for it seems that he was an occupant of the State Penitentiary at the time of the trial.
Pretermitting the questions of whether or not such a condition would be potestative (under LSA-Civil Code Art. 2024 et seq.) and whether or not the same would be considered as fulfilled by reason of the fact that such fulfillment has been prevented by the defendants’ action in closing the business (under LSA-Civil Code, Art. 2040), we are of the opinion that the defendants have utterly failed to carry their burden of proving the alleged condition of the contract on which they rely, i. e., that the loan was to be repaid solely from the proceeds of the machine.
Nor do we feel that the second defense is valid. The contract is complete as a loan without a particularization as to repayment under each separate possible set of circumstances and every possible contingency, and therefore not void for lack of mutual understanding. The law itself makes provision for such circumstances and contingencies.
For the reasons assigned the judgment appealed from is affirmed, cost to be paid by the defendants.
Affirmed.